UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIVOKENEV PAVEL IGOREVICH,

          Plaintiff,

          v.

UNITED STATES,

          Defendant.

Case No. 1:24-cv-01317-TNM

**MEMORANDUM OPINION**

    This matter is before the Court on review of the United States' Motion to Dismiss and related briefing, as well as Sivokenev Igorevich's Motion for Hearing. The Court will grant the United States' Motion to Dismiss and deny Igorevich's request for a pretrial conference as moot.

    Igorevich filed a 98-page Complaint alleging a panoply of claims. The overarching theme is that the U.S. Government implanted experimental technology in his brain while he was hospitalized in Munich, Germany, and that the technology continues to control his behavior. ECF No. 9 at 87–95. He also claims to have been the victim of coordinated stalking, harassment, and hacking from the U.S. Government through various state and local police departments, the FBI, and state and federal court officials. *Id. passim*. He raises 13 counts that vary from Section 1983 and *Bivens* claims to violations of criminal statutes. *Id.* Some of his allegations center on FBI and state agents' refusal to file reports on his behalf. *Id.* Igorevich acknowledges that his Complaint details an "elaborate conspiracy theory." *Id.* at 5.

    "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts cannot exercise subject matter jurisdiction over such a

complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.") (cleaned up). So a court must dismiss a complaint "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Igorevich's Complaint satisfies this circuit's standard for dismissal for lack of Article III jurisdiction. The D.C. Circuit affirmed dismissal of a complaint on jurisdictional grounds when it similarly alleged that the Government had launched a "massive surveillance program" over the plaintiff, including using "tracking devices" on his car. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009); *id.* (citing with approval opinion dismissing a complaint for lack of jurisdiction when it alleged government harassment "from uncertain origins, either a long past employment by the FBI or a falling out with roommates even earlier"). The Complaint will be dismissed without prejudice.

Accordingly, Igorevich's Motion for Hearing will be denied as moot.

A separate order will issue.

                                                 TREVOR N. McFADDEN
                                                 United States District Judge

DATE: October 29, 2024